IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY COLON | : | CIVIL ACTION |
| | : | |
| v. | : | No. 15-3378 |
| | : | |
| MICHELE FARRELL | : | |
| *CURRAN-FROMHOLD* | : | |
| *CORRECTIONAL FACILITY WARDEN*, | : | |
| et al. | : | |

## MEMORANDUM

**Juan R. Sánchez, J.**                                                                                    **July 18, 2016**

Pro se Plaintiff Jeffrey Colon, an inmate in the Curran-Fromhold Correctional Facility (CFCF) in Philadelphia, brings claims pursuant to 42 U.S.C. § 1983 against CFCF Warden Michele Farrell (incorrectly identified in Colon's pleadings as "Mitchelle" Farrell) and three CFCF Correctional Officers—K. Bradley, D. Banks, and J. Lawrence (or Larence).[1]  Colon's claims arise, at least in part, out of a June 2, 2015, incident in which he cut off his middle finger while closing his cell door in response to a direct order from Bradley.  Farrell, the only Defendant who has been served to date, moves to dismiss Colon's Amended Complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  Because Colon has failed to state a plausible claim for relief against Farrell, the motion will be granted, and Colon's claim against Farrell will be dismissed without prejudice.  In addition, because, upon further review of the Amended Complaint, it is apparent Colon has also failed to state a plausible claim for relief against the remaining Defendants, the Amended Complaint will be dismissed without prejudice against these Defendants as well.

---

[1] In his original Complaint, Colon uses the spelling "Lawrence"; in his Amended Complaint, he uses the spelling "Larence."  Although it is not clear which spelling is correct, for ease of reference, the Court will use only "Lawrence" herein.

**BACKGROUND**

On June 2, 2015, Bradley ordered Colon to shut his cell door, which had been "buzzed open." Am. Compl. 3. Colon's cell door is difficult to close because it lacks an adequate handle on the inside, and in the process of complying with Bradley's order, Colon cut off his middle finger, requiring immediate surgery.

Bradley is not the only correctional officer at CFCF who orders inmates to shut their own cell doors. Banks and Lawrence have also instructed inmates to shut their cell doors, threatening that if they fail to comply they will be "burned" for recreation. *See id.* at 3-4. Lawrence made such a threat on May 28, 2015, though this conduct is alleged to occur daily.

On June 10, 2015, a week after his finger was cut off, Colon commenced this action by submitting an application for leave to proceed in forma pauperis and a Complaint, which this Court received on June 15, 2015. By Order of July 16, 2015, this Court granted Colon leave to proceed in forma pauperis and dismissed his original Complaint pursuant to 28 U.S.C. § 1915(e) with leave to file an amended complaint within 30 days.

On July 30, 2015, Colon filed an Amended Complaint, which the Court received on August 13, 2015. In his Amended Complaint, Colon alleges Bradley subjected him to an unreasonable risk of harm by ordering him to shut his cell door, violating his Eighth and Fourteenth Amendment rights, as well as unspecified prison policies and procedures. He also alleges Bradley "is known to . . . inflict her own punishment on inmates," depriving them of "access to the courts, showers, exercise, phones, [and] relig[ious] services." Am. Compl. 2-3. Colon further alleges Banks and Lawrence have violated their oaths, unspecified prison policies and procedures, and inmates' constitutional rights by instructing inmates to shut their own cell doors or be "burned" for recreation and by inflicting "unusual punishments" without following

2

the applicable write-up procedures.  *See id.* at 3-4.  Finally, he seeks to hold Farrell, the CFCF Warden, liable for "gross[] negligen[ce] in managing subordinates who caused the unlawful condition or events."  *Id.* at 2.

After being served with the Amended Complaint on November 4, 2015, Farrell filed a motion to dismiss on November 23, 2015, to which Colon has not responded to date.  Although the Marshals Service attempted to serve the remaining Defendants, those attempts were unsuccessful; the summonses for Bradley, Banks, and Lawrence were all returned unexecuted on November 17, 2015, with the notation "person could not be located."

**DISCUSSION**

Warden Farrell moves to dismiss Colon's Amended Complaint against her under Federal Rule of Civil Procedure 12(b)(6).  To withstand such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  In evaluating a Rule 12(b)(6) motion, a district court first must separate the legal and factual elements of the plaintiff's claims.  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210-11.  The court must then "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).  Where, as here, a plaintiff is proceeding pro se, the court must construe the complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (recognizing

pro se complaints are held "to less stringent standards than formal pleadings drafted by lawyers").

Colon brings this action pursuant to 42 U.S.C. § 1983, which "provides a cause of action against 'every person who,' under color of state law, 'subjects, or causes to be subjected,' another person to a deprivation of a federally protected right." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014) (quoting 42 U.S.C. § 1983), *rev'd on other grounds sub nom. Taylor v. Barkes*, 135 S. Ct. 2042 (2015).  To be liable under § 1983, a defendant "must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Where the defendant is a supervisor whom the plaintiff seeks to hold liable for acts undertaken by subordinates, liability may attach only if the defendant (1) "'participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced' in the subordinate's unconstitutional conduct," or (2) "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Barkes*, 766 F.3d at 316 (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)) (alteration in original).  The latter category—policy or practice claims—includes "'failure to' claims," e.g., claims for failure to train, failure to discipline, or failure to supervise.  *Id.*

Colon's Amended Complaint fails to state a plausible claim against Farrell under either theory.  The Amended Complaint does not allege Farrell participated in any way in the alleged wrong—ordering Colon to close his own cell door—or that she was even aware the Correctional Officer Defendants were engaging in this practice.  Rather, the sole allegation against Farrell is that she "was grossly negligent in managing subordinates who caused the unlawful condition or

events." Am. Compl. 2.  While failure to supervise is a possible basis for policy or practice liability, to establish such a claim, a plaintiff

> must identify a supervisory policy or practice that the supervisor failed to employ, and then prove that:  (1) the policy or procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory practice or procedure.

*Id.* at 317.[2]  The Amended Complaint fails to allege any of the elements of a failure to supervise claim here.  The Amended Complaint says nothing about the supervisory practices in effect at CFCF at the time of the events in question, the risks associated with such practices, or alternative practices which, if implemented, would have prevented Colon's injuries.  Moreover, the Amended Complaint fails to plead facts from which it can reasonably be inferred that Farrell knew the existing practices created an unreasonable risk of harm to inmates and was indifferent to that risk.  Because Colon has failed to plead a plausible claim for relief against Farrell, the Amended Complaint will be dismissed against her.

---

[2] In *Barkes*, the Third Circuit rejected the argument that the Supreme Court's decision in *Iqbal v. Ashcroft* abolished supervisory liability under § 1983, instead holding such liability may be imposed if the supervisor acts with the mental state necessary to establish the underlying constitutional tort.  *See* 766 F.3d at 319-20.  The underlying constitutional tort in *Barkes* was an Eighth Amendment claim for denial of adequate medical care, for which the requisite mental state is subjective deliberate indifference, and the court approved the test set forth above as the applicable standard for imposing supervisory liability based on an Eighth Amendment violation. *See id.* at 320.  Although Colon references the Eighth Amendment deliberate indifference standard in his Amended Complaint, *see* Am. Compl. 1, he also invokes the Fourteenth Amendment, and it is not clear from his pleadings whether he was a sentenced prisoner or a pretrial detainee at the time of the events in question.  Insofar as Colon was a sentenced prisoner, his claims are properly analyzed under the Eighth Amendment, and his supervisory liability claim is subject to the test set forth in *Barkes*, which requires the supervisor to have acted with "deliberate indifference to *known* deficiencies in a government policy or procedure." *Id.*  Insofar as Colon was a pretrial detainee at the time he was injured, however, his claims are analyzed under the Due Process Clause of the Fourteenth Amendment, which may require a less culpable mental state.  The Court need not resolve this issue, however, as Colon has failed to sufficient allege other elements of a failure to supervise claim, as set forth above.

As noted, the remaining Defendants—Correctional Officers Bradley, Banks, and Lawrence—have not yet been served because the Marshals Service has been unable to locate them.  As a result, these Defendants have not yet responded to the Amended Complaint.  Nevertheless, because Colon is proceeding in forma pauperis, the Court must dismiss the case if at any time it determines "the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see also id.* § 1915A(a), (b)(1) (directing district courts to screen complaints in civil actions in which a prisoner seeks redress from an officer or employee of a governmental entity and to "dismiss the complaint, or any portion of the complaint, if [it] . . . fails to state a claim upon which relief may be granted").  The legal standard for dismissal under these provisions is the same as that applied under Federal Rule of Civil Procedure 12(b)(6).  *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2012).

Colon's main claim against the Correctional Officers concerns Bradley's failure to keep him safe from an unreasonable risk of harm by ordering him to shut his cell door instead of shutting the door herself, causing Colon to cut off his finger.  Insofar as Colon brings this claim as a sentenced prisoner under the Eighth Amendment, to state a plausible claim for relief, he must allege Bradley acted with deliberate indifference—i.e., that she "knew of and disregarded an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Although the Amended Complaint references this standard, *see* Am. Compl. 1, it includes no facts from which it can reasonably be inferred that Bradley knew requiring inmates to shut their own cell doors posed any risk of harm, much less a significant risk, and therefore fails to state a plausible Eighth Amendment claim.  The only allegation with any bearing on this issue is that the cell door lacked an adequate handle, but this lone allegation, without more, is insufficient to support the reasonable inference that the door was unsafe for Colon to close or that Bradley

knew so.  Insofar as Colon was a pretrial detainee at the time of the events in question, his claim arises under the Fourteenth Amendment's Due Process Clause.  "[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law"; hence, the due process analysis focuses on whether the challenged restriction or condition of confinement constituted punishment.  *Stevenson v. Carroll*, 495 F.3d 62, 67 (3d Cir. 2007) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535-36 (1979)).  A plaintiff may establish a particular restriction or condition constituted punishment by showing an "express intent to punish on the part of detention facility officials" or that "the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or . . . is excessive in light of that purpose."  *Id.* at 68 (citation omitted).  At the pleading stage, the plaintiff need only allege facts that plausibly suggest the restriction or condition in question constituted punishment.  *See Southerland v. Cty. of Hudson*, 523 F. App'x 919, 921 (3d Cir. 2013).  The Amended Complaint falls short of this standard.  Colon does not allege Bradley's order for him to shut his cell door was itself intended as punishment.  Rather, he accuses Bradley of imposing punishment on those inmates who fail to comply with an order to close a cell door.  Nor does the Amended Complaint plausibly suggest that requiring inmates to shut their cell doors is not rationally related to—or is excessive in relation to—a legitimate non-punitive government purpose.

That Colon was seriously injured while closing his cell door in response to Bradley's order is unfortunate.  Based on a review of the case law, however, it appears that it is not uncommon for correctional officers to make such demands of inmates.  *See, e.g.*, *Mohamad v. Barone*, 494 F. App'x 212, 214 (3d Cir. 2012) (concluding prison authorities' use of a "restraint chair" was justified by circumstances including the prisoner's "repeated[] disobe[diance] [of] orders to return to his cell and close the door"); *Johnson v. McLean*, No. 97-421, 1999 WL

1940045, at *1 (W.D.N.C. Mar. 22, 1999) (describing a jail "lockdown" procedure whereby inmates were required to return to their cells and shut and lock their doors). While it is possible that ordering an inmate to close his or her cell door could rise to the level of an Eighth or Fourteenth Amendment violation, to state such a claim for such a violation, an inmate must provide some factual basis for the inference that the correctional officer knew the order would expose the inmate to a significant risk of injury or that the order amounted to punishment. Because Colon has not pleaded such facts in his Amended Complaint, his claim against Bradley with respect to the events of June 2, 2015, will be dismissed without prejudice.

The remaining allegations against Bradley are too vague and conclusory to state a plausible Eighth or Fourteenth Amendment claim against her. While the Amended Complaint alleges Bradley "is known to . . . inflict her own punishment on inmates" and suggests she has "depriv[ed] inmates of access to the courts, showers, exercise, phones, [and] relig[ious] services," Am. Compl. 2-3, it includes no facts regarding any of these alleged constitutional violations. Indeed, it is not even clear whether Colon himself is among the inmates who have suffered the alleged deprivations and thus has standing to challenge them. *See Washington v. Grace*, 445 F. App'x 611, 616 (3d Cir. 2011) (recognizing "a litigant may not 'rest a claim to relief on the legal rights or interests of third parties'" (quoting *Powers v. Ohio*, 499 U.S. 400, 410 (1991))).

The same is true of Colon's allegations against Burke and Lawrence, which are framed in terms of these Defendants' conduct as to inmates generally, rather than as to Colon in particular. Moreover, insofar as Colon alleges Burke and Lawrence committed constitutional violations by ordering him to close his own cell door, the claim fails for the same reason as his claim against Bradley.

Because Colon has failed to plead facts supporting a plausible Eighth or Fourteenth Amendment claim as to any of the Defendants named in this action, the Amended Complaint will be dismissed; however, the Court will grant Colon leave to file a further amended complaint to correct the deficiencies identified herein.   Any further amended complaint should clarify whether Colon had been sentenced at the time of the events in question.

An appropriate order follows.

BY THE COURT:


___/s/ Juan R. Sánchez_____
Juan R. Sánchez, J.